```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         Civ Case #:
---------------------------------------X
RICKY HOLLENQUEST, TRYALINA MICHIE
and DANA RATTI

                    Plaintiffs


        -against-                        COMPLAINT


THE CITY OF NEW YORK,
PO JOHN NUGENT AND JOHN/JANE
DOE OFFICERS OF THE 28ᴿᴰ PCT
NAMES FICTITIOUS, TRUE NAMES
UNKNOWN INTENDING TO BE OFFICERS
OF THE 28ᴿᴰ PCT ON THEDATE AND
TIME ALLEGED

                    Defendants.

----------------------------------------X
```

S I R S:

Plaintiffs, by their attorney, MICHAEL B. PALILLO, ESQ., complaining of the Defendants herein, alleges upon information and belief, as follows:

**NATURE OF THE CLAIM**

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiffs under the Constitution and Laws of the United States of America and under the guise of New York Law.

2. The Plaintiff's base this action upon their illegal seizure by various members of the New York City Police Department on the 2nd$^{rd}$ day of April 2021. This Court is authorized to grant the Plaintiffs the relief under 42 U.S.C.

1983 and 1988.

## JURISDICTION

3. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. 1331 and 28 U.S.C.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1391 (b) as all of the events and omissions giving rise to Plaintiff's claims occurred in Kings County in the Eastern District of New York, the actual place of employment of all the individual police officers and the Plaintiffs reside in Kings County which is in the Eastern District of New York.

## THE PARTIES

5. That at all dates and times herein mentioned the Plaintiffs TRYALINA MICHIE and DANA RATTI reside at 1980 Adam Clayton Powell Jr. Blvd. Apt. 1 E, New York, New York, 10026.

6. That at all dates and times herein mentioned the Plaintiff RICKY HOLLENQUEST, resides at 720 B Stanley Street Schnectady, New York 12307.

7. The on April 2, 2021, the Plaintiff's were inside Apt. I E 1980 Adam Clayton Powell Jr. Blvd. Apt. 1 E, New York, New York, 10026.

2

8. That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter after referred to as the "CITY" was and continues to be a municipal corporation existing and organized by virtue of the Laws of the State of New York.

9. At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter known as the "NYPD") was and still are a Department and/or agency of the "CITY" and operates under its supervision, management and control.

10. That at all dates and times hereinafter mentioned Defendant "CITY" by it's agents, servants and/or employees, operated, maintained and controlled the "NYPD" and employed and controlled all of it's "NYPD" police officers.

11. That at all dates and times hereinafter mentioned Defendant PO John Nugent shield # 16211 was employed by the Defendant "CITY" and was assigned to the 28th Pct. New York New York and/or the Criminal Intelligence Section of the New York City Police Department.

12. That at all dates and times hereinafter mentioned the Defendant PO John Nugent acted within the scope of his employment for the Defendant "CITY."

13. That at all dates and times hereinafter mentioned, Defendants, "JOHN DOES" and "JANE DOES" names fictitious, true

names unknown but intended to be NYPD Officers at the time and place of this occurrence who were employees of the "CITY" and, upon information and belief, assigned to the 28rd pct.

14. That at all dates and times hereinafter mentioned the Defendants "JOHN DOE/JANE DOE" acted within the scope of his/her employment for the Defendant "CITY."

15. That a Notice of Claim on behalf of RICKY HOLLENQUEST was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 19th day of May 2021 which were within ninety (90) days of the cause of action accruing herein.

16. That a Notice of Claim on behalf of TRYALINA MICHIE was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 19th day of May 2021 which was within ninety (90) days of the cause of action accruing herein.

17. That a Notice of Claim on behalf of DANA RATTI was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 19th day of May 2021 which was within ninety (90) days of the cause of action accruing herein.

18. That the "CITY" has demanded a hearing for RICKY HOLLENQUEST pursuant to §50-H of the General Municipal Law, and

a hearing was held on July 21, 2021.

19. That the "CITY" has demanded a hearing for TRYALINA MICHIE, pursuant to §50-H of the General Municipal Law, and a hearing was held on July 21, 2021.

20. That the "CITY" has demanded a hearing for DANA RATTI, pursuant to §50-H of the General Municipal Law, and a hearing was held on August 30, 2021.

21. The claim of RICKY HOLLENQUEST has been presented for adjustment/payment and no adjustment or payment has been held.

22. The claim of TRYALINA MICHIE has been presented for adjustment/payment and no adjustment or payment has been held.

23. The claim of The claim of DANA RATTI has been presented for adjustment/payment and no adjustment or payment has been held.

24. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

**FACTUAL BACKGROUND**

25. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

26. That on March 31, 2021, proof by affidavit was

5

presented by Police Officer JOHN NUGENT, Shield #16211, of the Criminal Intelligence Section of the New York City Police Department before the HON.: Laura Ward, Justice of the New York State Criminal Court New York County.

27. Upon specific findings dictated by the Court on the a stenographic record, Judge Laura Ward issued and authorized a "NO KNOCK SEARCH WARRANT" on March 31, 2021 authorizing the execution of a "NO KNOCK SEARCH WARRANT" at the premises, 1980 7th Avenue, New York, N.Y. Apt. 1E.

28. That the issuance of the "NO KNOCK WARRANT" was based on the finding that there was reasonable cause to belief that certain firearms, ammunition, firearm accessories, including ammunition magazines, spare parts, holsters, cleaning kits, silencers and documents relating to the ownership and purchase of firearms, ammunition and/or firearm accessories were to be found inside Apt. 1E 1980 7th Avenue, New York, N.Y. and on the person of RICKY HOLLENQUEST.

29. That on April 2, 2021 approximately 7:00 a.m. to 8:00 A.M. the Plaintiffs were lawfully inside Apt. IE 1980 Adam Clayton Powell Jr. Boulevard, New York, N.Y.

26. That on the aforementioned date, time and place the Defendants, did break down the front door of 1980 7th Avenue, New York, N.Y. apt. 1E. to execute the "NO KNOCK

WARRANT."

27. The Defendants seized the persons of all Plaintiffs subjecting the Plaintiffs to degrading, humiliating and intentional searches of their body without a warrant or color of law, detained and arrested the Plaintiffs all without consent or probable cause and did commit certain acts on and against the Plaintiffs which includes but is not limited to:

    rush towards the Plaintiffs;

    aim loaded firearms at the Plaintiffs;

    commit assault;

    commit battery;

    push and throw the Plaintiffs to the floor;

    subject the Plaintiffs to unreasonable and excessive force;

    subject the Plaintiffs to an unreasonable search;

    restrain the Plaintiffs against their will;

    repeatedly touched their person without her consent;

    threaten the Plaintiffs;

    interrogate the Plaintiffs;

    humiliate the Plaintiffs;

    yell at the Plaintiffs;

    harass the Plaintiffs;

handcuff the Plaintiffs;

unlawfully imprison the Plaintiffs for approximately one hour inside their apartment;

falsely arrest the Plaintiffs;

Despite repeated requests, refuse to produce a search warrant while inside their apartment;

Searched the entire apartment;

found no firearms, ammunition, firearm accessories, etc. inside Apt. I E 1980 Adam Clayton Powell Jr. Blvd. Apt. 1 E, New York, New York, 10026.

escorted the Plaintiffs from their apartment building while they were restrained in handcuffs;

escorted the Plaintiffs from inside their apartment building to outside their apartment building while they were restrained in handcuffs and in public view;

escorted the Plaintiffs from the sidewalk into a police vehicle while they were restrained in handcuffs and in public view;

drove the Plaintiffs in a police vehicle while they were restrained in handcuffs and in public view;

escorted the Plaintiffs from the police vehicle, onto a public sidewalk and into the 20th police precinct while restrained in hand cuffs;

handcuffed the Plaintiffs inside the 20th police precinct;

placed the Plaintiffs into a conference room;

removed handcuffs;

interrogate the Plaintiffs again in the precinct;

      repeatedly told the Plaintiffs to reveal where the firearms were;

      restrain the Plaintiffs against their will in the precinct;

      gave the Plaintiffs a copy of a search warrant while they where in the police precinct;

      were held against their will for approximately three hours wherein they were subsequently released from custody without explanation;

28. Upon information and belief the Plaintiffs were detained in total approximately four (4) hours

### **AS AND FOR A FIRST CAUSE OF ACTION**

29. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

30. On April 2, 2021, the Plaintiffs were intentionally detained by the Defendants.

31. In detaining the Plaintiffs, the Defendants were acting under color of State of Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment with the "NYPD."

32. The Plaintiffs did not resist their arrest, detention, imprisonment or confinement.

33. The Plaintiffs were aware of their detention, imprisonment, arrest and confinement.

34. The Plaintiffs did not consent to being detained, imprisoned, arrested and confined.

35. The Plaintiffs detention, imprisonment, arrest and confinement was not privileged and Plaintiff's were detained and arrested without probable cause that they committed any crime.

36. As a result of Plaintiff's illegal detention, the Defendants lacked or reasonable suspicion, probable cause, or any other valid legal reason to effectuate the arrest and detention of the Plaintiffs, this detention and arrest and the actions of the Defendants amounted to an unlawful imprisonment, detainment, and arrest.

37. As a result of the foregoing the Plaintiffs Fourth and Fourteenth Amendment and rights under the Statutes and Laws of the State of New York were violated, which is invoked under the jurisdiction of this Court.

38. As a proximate result of Defendants intentional and malicious actions, the Plaintiffs were greatly humiliated, suffered injuries to their reputation, caused the Plaintiffs to lose income, and other special damages, and have suffered great mental anguish causing damages in an amount to be determined at trial, and punitive damages and attorney's fees.

39. That solely by reason of all the foregoing,

Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**AS AND FOR A SECOND CAUSE OF ACTION**

40.   Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

41.   Upon information and belief that at the aforesaid dated, time and place, Plaintiffs were assaulted and battered, had hands placed on the Plaintiffs by the Defendants herein, without the consent of the Plaintiffs.

42.   That Plaintiffs in no way instigated, caused or contributed to the complained of conduct.

43.   That as a result of the assault the Plaintiffs, suffered, their health was impaired, they were caused to have hands placed on the Plaintiffs by the Defendants, suffered great physical and mental distress and humiliation, their reputation and character were injured and they were embarrassed.

44.   That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**AS AND FOR A THIRD CAUSE OF ACTION**

45.   Plaintiffs repeat, reiterate and re-alleges each

and every allegation previously set forth as if more fully set-forth herein at length.

46. That the Defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

47. That the Defendants recklessly conducted themselves toward the Plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

48. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

49. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

50. That at all dates and times hereinafter mentioned the Defendants were charged with the duty to perform their job functions in a reasonably safe manner.

51. That at all dates and times hereinafter mentioned the "CITY" instructed and educated their agents, servants and employees including how to perform their job

functions.

52. That at all dates and times hereinafter mentioned the Defendants as aforesaid, did not perform their job duties in a reasonable same manner.

53. That at all dates and times hereinafter mentioned the Defendant "CITY" their agent's servants and/or employees, as set forth above, were negligent, careless and reckless in the performance of their job duties.

54. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

55. Plaintiffs repeat, reiterate and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

56. That the Defendants did not take any steps to prevent the assault, battery, detainment, search, seizure, unlawful/false arrest and unlawful imprisonment of the Plaintiffs.

57. The Defendants unreasonably seized the person of Plaintiffs, subjected the Plaintiffs to degrading and humiliating searches of their body without a valid warrant,

detained, falsely imprisoned and arrested the Plaintiffs, all without their consent or probable cause.

58. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent the Plaintiffs from violating the law and rights of the Plaintiffs but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon the Plaintiffs.

59. That solely by reason of all the foregoing, Plaintiffs have suffered damages and injuries in a sum to be determined at the time of trial.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

> a) On each cause of action for compensatory damages against all Defendants in a sum to be determined at trial but in no event less than ONE MILLION DOLLARS ($1,000,000.00) per Plaintiff;
>
> b) For exemplary and punitive damages against all Defendants in an amount to be proven at trial'
>
> c) For attorneys fees pursuant to 43 U.S.C. 1988 against all Defendants; and
>
> d) Together with the costs and disbursements of this action, and for such other and further relief as to

                this Court deems just proper and equitable.

Dated: New York, New York
       October 21, 2021

                                                        */S/ Michael B. Palillo*
                                                        MICHAEL B. PALILLO (MP 0044)
                                                        MICHAEL B. PALILLO, P.C.
                                                        Attorney for Plaintiffs
                                                        277 Broadway, Suite 501
                                                        New York, NY 10007
                                                        (212)608-8959

STATE OF NEW YORK )

: ss.:

COUNTY OF NEW YORK)

RICKY HOLLENQUEST being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that she has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believe it to be true.

_____
RICKY HOLLENQUEST

Sworn to before me this

25 day of October 2021

_____
Notary Public

MICHAEL B. PALILLO
Notary Public, State of New York
No. 02PA4804509
Qualified in Nassau County
Commission Expires May 31, 2022

STATE OF NEW YORK )

                 : ss.:

COUNTY OF NEW YORK)

DANA RATTI being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that she has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believe it to be true.

_____
DANA RATTI

Sworn to before me this
25 day of October 2021

_____
Notary Public

MICHAEL B. PALILLO
Notary Public, State of New York
No. 02PA4804509
Qualified in Nassau County
Commission Expires 04/3/2022

STATE OF NEW YORK )

                : ss.:

COUNTY OF NEW YORK)

    TYRALINA MICHIE being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that she has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believe it to be true.

                                                _____

Sworn to before me this           TRYALINA MICHIE

17 day of October 2021

_____

  Notary Public

MICHAEL B. PALILLO
Notary Public, State of New York
No. 02PA4804509
Qualified in Nassau County
Commission Expires May 31, 2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                  Civ Case #:
---------------------------------------X
RICKY HOLLENQUEST, TRYALINA MICHIE
and DANA RATTI

                    Plaintiffs


          -against-                            C


THE CITY OF NEW YORK,
PO NUGENT AND JOHN/JANE DOE OFFICERS
OF THE 28RD PCT NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDING TO BE
OFFICERS OF THE 28RD PCT ON THE
DATE AND TIME ALLEGED

                    Defendants.
---------------------------------------
```

## SUMMONS AND COMPLAINT

Michael B. Palillo P.C.
Attorneys for
RICKY HOLLENQUEST, TRYALINA MICHIE and DANA RATTI
Office and Post Office Address
277 Broadway Suite 501
New York New York 10007
(212) 608-8959
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
( Not for Service)


Signature (Rule 130-1.1-a)

*Michael B. Palillo*

_____
Print name beneath

Michael B. Palillo