**MEMO ENDORSED**

at page 3.



| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **AMANDA ROLON**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2356<br>fax: (212) 356-3509<br>arolon@law.nyc.gov |

February 7, 2022

**VIA ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    <u>Ricky Hollenquest, et al., v. City of New York, et al.</u>, 21 Civ. 8801 (ER)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request a stay of this matter in its entirety, including an adjournment of all deadlines as set forth in Local Rule 83.10, until thirty days after the resolution of the ongoing Civilian Complaint Review Board ("CCRB") investigation.1 This is the City's first request for a stay and the request is submitted with consent of the plaintiffs.

      By way of relevant background, on October 28, 2021, plaintiffs initiated the instant action against the City of New York, P.O. John Nugent, and unidentified John/Jane Doe officers. (<u>See</u> ECF No. 1.) Plaintiffs allege, *inter alia*, that their constitutional rights were violated when police officers unlawfully entered their dwelling and subjected plaintiffs to excessive force by way of tight handcuffing and unlawful imprisonment. (<u>See</u> <u>id</u>.) On October 29, 2021, this action was designated for participation in Local Civil Rule 83.10 (formerly "PLAN").

      However, the City has recently become aware that there is an ongoing investigation into the underlying allegations in this case by the CCRB. There are several reasons why the pending CCRB investigation necessitates a stay of the instant action. First, the investigation may affect the representation of the individually named defendant depending on the investigation's outcome. Before this Office may assume representation of the individual defendant, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether the officer is eligible

---

[1] As detailed herein, the Office of Corporation Counsel does not represent the individually named defendant officer. Thus, this application is not being made on his behalf.

for representation.  See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; see also Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the open CCRB investigation, this Office cannot make a determination at this time as to whether P.O. John Nugent "was acting within the scope of his public employment" or whether this Office can represent this defendant in this action.  Moreover, best practices would prevent this Office from even communicating with the officers involved in the underlying alleged incident to inquire about the facts of this matter until the resolution of the proceedings.  This is because if any of the officers involved are found to have violated NYPD procedures, there would be a conflict of interest between this Office and any individual officer. Indeed, if this Office assumes representation of any involved officer before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.  This concern is of particular importance, where as here, the individually-named defendant, PO John Nugent, remains a subject of the ongoing CCRB investigation.

Second, upon information and belief, until the investigation concludes, both parties will have limited access to documents, recordings, and/or other information regarding the incident alleged in this case, and to any relevant materials generated by the CCRB during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."  Nat'l Congress for Puerto Rican Rights v. City of New York, et al., No. 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted).  Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to the Complaint,[2] fully participate in court conferences, or adequately prepare discovery.

---

[2] For example, the City cannot adequately respond to allegations such as "That at all dates and times hereinafter mentioned the Defendant PO John Nugent acted within the scope of his employment for the Defendant 'City,'" or that "that at all dates and times … the defendants as aforesaid, did not perform their job duties in a reasonable same manner " (See Dkt. No. 1 ¶¶ 12, 52.)  Indeed, when there is an ongoing CCRB Investigation, the City is unable to investigate the factual allegations concerning what an officer allegedly did because, until the CCRB Investigation is fully closed, this Office cannot question an individual defendant about the specific facts of this matter.

   Finally, Plaintiffs will not be prejudiced by a temporary stay. As an initial matter, plaintiffs consent to the request for a stay. Further, the claims in this case arise from an incident that allegedly occurred in April of 2021, significantly reducing any concerns regarding the expiration of any relevant statute of limitations. Moreover, any potential prejudice to Plaintiffs would be diminished by the fact that CCRB is investigating the incident, thus, the investigation will likely aggregate relevant documents and information, streamlining discovery for all parties, including Plaintiffs.

   Based on the foregoing, the City respectfully requests that the Court: (1) stay the instant matter until thirty (30) days after the resolution of the CCRB investigation; and (2) adjourn *sine die* all deadlines and conferences in this case, pending the conclusion of said investigation. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the CCRB Investigation, until it has been concluded.

   The City thanks the Court for its consideration.

Respectfully submitted,<br>
/s/ *Amanda Rolon*<br>
Assistant Corporation Counsel<br>
Special Federal Litigation Division

**VIA ECF**
*All counsel of record*

---

The application is granted. The Clerk of Court is respectfully requested to stay this case. The City of New York is directed to submit a status report as to the CCRB investigation by May 9, 2022.

It is SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 02/07/2022
New York, New York