```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RICKY HOLLENQUEST, TRYALINA
MICHIE, and DANA RATTI

                Plaintiffs,

          -v-                                              No. 21-CV-08801-LTS

CITY OF NEW YORK, JOHN NUGENT,
and JOHN/JANE DOE OFFICERS OF THE
28TH PRECINCT (names fictitious, true
names unknown intending to be officers of the
28th Precinct on the date and time alleged),

                Defendants.

-------------------------------------------------------x
```

<u>MEMORANDUM OPINION AND ORDER</u>

Ricky Hollenquest, Tryalina Michie, and Dana Ratti (collectively, the "Plaintiffs") bring this action against the City of New York (the "City") and Police Officer John Nugent (collectively, the "Named Defendants") and unnamed John and Jane Doe Officers of the 28th Precinct (together, with the Named Defendants, the "Defendants"), asserting claims for violations of their Fourth and Fourteenth Amendment rights under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiffs allege they were subject to excessive force and false arrest by Defendant Nugent and/or other NYPD officers, and that Defendants failed to intervene while Plaintiffs were being subjected to the alleged wrongful conduct. Plaintiffs assert that the City is liable to them for the officers' conduct. Finally, Plaintiffs also assert state common law claims for false arrest, negligence, battery, assault, and intentional infliction of emotional distress. This Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1367.

The Named Defendants have moved to dismiss Plaintiffs' complaint (docket entry no. 1 (the "Complaint" or "Compl.")) for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket entry no. 26 (the "MTD").) Plaintiffs have opposed the MTD and have moved, in the alternative, for leave to amend the complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Docket entry no. 23 (the "Motion to Amend" or "MTA"); see also docket entry no. 32 ("Pl. Mem.").) The Court has considered the parties' submissions carefully and, for the following reasons, grants Defendants' MTD in its entirety and denies Plaintiffs' MTA because any amendment would be futile.

BACKGROUND

The following summary is drawn from the Complaint, all well-pleaded factual allegations of which are presumed to be true for the purposes of this motion to dismiss.

Plaintiffs Tryalina Michie and Dana Ratti reside at 1980 7th Avenue Apt. 1E., New York, New York 10026 (the "Target Apartment").[1] (Complaint ¶¶ 5-6.) Plaintiff Ricky Hollenquest resides at 720 B Stanley Street, Schenectady, New York 12307. (Id. ¶ 6.) Officer John Nugent was employed as a New York City Police Officer and was assigned to the 28th Precinct and/or the Criminal Intelligence Section of the New York City Police Department around March 2021. (Id. ¶ 11.) On March 31, 2021, Officer Nugent presented an affidavit to Supreme Court Justice Laura Ward, claiming that there was reasonable cause to believe there were firearms and paraphernalia inside 1980 7th Avenue, New York, NY, Apt. 1E. (Id. ¶ 28.) Finding the affidavit credible, Justice Ward issued and authorized a "no knock search warrant,"

---

[1] The Complaint also refers to the address as 1980 Adam Clayton Powell Jr. Blvd. Apt 1E, New York, New York. The Court understands that these addresses refer to the same apartment.

allowing for the search of the premises and of the person of Plaintiff Ricky Hollenquest. (Id. ¶¶ 27(a)-28(a);[2] see also docket entry no. 26-3.)

The no-knock search warrant was executed on April 2, 2021, while all Plaintiffs were inside the Target Apartment. (Complaint ¶ 29.) The Officer Defendants broke down the front door, rushed towards the Plaintiffs, and aimed loaded firearms at the Plaintiffs. (Id. ¶ 27(b).) Defendants pushed and threw Plaintiffs to the floor, searched them, and handcuffed each Plaintiff. (Id.) Plaintiffs were detained inside the apartment for approximately one hour while the premises were searched. (Id.) No firearms or paraphernalia were found inside the Target Apartment. (Id.)

The handcuffed Plaintiffs were escorted from the apartment building, put into a police vehicle, and driven to the 28th Precinct.[3] (Id.) The officers placed the Plaintiffs in a conference room at the precinct, removed their handcuffs, and interrogated them as to the whereabouts of the firearms sought by the police. (Id.) They were held in the 28th Precinct for about three hours and were subsequently released with no charges. (Id.) Plaintiffs were detained for approximately 4 hours in total. (Id. ¶ 28.)

Plaintiffs initiated this action on October 21, 2021. (See Complaint.) On February 7, 2022, the City filed a motion to stay the matter until thirty days after the resolution of an ongoing Civilian Complaint Review Board ("CCRB") investigation. (See docket entry no. 12.) The CCRB investigation closed on December 22, 2022. (See docket entry no. 15.) The

---

[2]   Plaintiffs have duplicate numbering for paragraphs 26 through 29 in the Complaint. To avoid confusion, the Court refers to the first instance of each number as ¶ (a) and the second as ¶ (b). (E.g., id. ¶ 28(a) at pg. 6; id. ¶ 28(b) at pg. 9.)

[3]   The Complaint mistakenly refers to the 28th Precinct as the 20th Precinct. The Court understands that Plaintiffs intended to refer to the 28th Precinct. (See Complaint ¶ 27(b).)

Named Defendants timely moved to dismiss the Complaint.  (See MTD.)  Plaintiffs opposed the MTD, and requested, in the alternative, leave to amend.  (See docket entry no. 30.)

DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The complaint must "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court must "draw all reasonable inferences in [Plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014) (citation omitted).

Section 1983

Section 1983 provides that "every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . shall be liable to the party injured."  42 U.S.C.A. § 1983 (Westlaw through P.L. 119-18).  To state a Section 1983 claim, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States," and

(2) that "the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

  False Arrest

    Plaintiffs assert a Section 1983 claim for false arrest based on both the time period for which they were held within the apartment during the search and their detainment in the 28th Precinct.  Defendants argue that Plaintiffs' claims fail because Plaintiffs were not formally arrested, reasoning that Plaintiffs were not "charged with any crimes or processed in any way." (Docket entry no. 26-1 ("Def. Mem.") at 6.)  Under New York law, there is no requirement that an arrest be formal in any sense and "even without a technical formal arrest, a suspect's detention may in fact be the equivalent of an arrest, requiring probable cause."  People v. Hicks, 68 N.Y.2d 234, 238-39 (1986).  Consequently, Defendants' argument that the false arrest claims should fail because there was no formal arrest must be rejected.

    A false arrest claim resting "on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law."  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted).  To state a claim for false arrest under New York law, a plaintiff must plausibly allege that: "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).  The same elements govern Plaintiffs' Section 1983 claim for false arrest.  Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred.").

Defendants contest the fourth element, asserting that Plaintiffs' detention, both in the apartment and at the precinct, was privileged as necessary to effectuate a valid search warrant. (Def. Mem. at 6.)

While the Fourth Amendment protects an individual's right to be free from unreasonable search and seizure, "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Michigan v. Summers, 452 U.S. 692, 705 (1981). The Complaint pleads that Defendants acted under a valid no-knock search warrant; Plaintiffs do not challenge the reasonableness or validity of that warrant. When executing a search warrant, police officers have the "authority to use reasonable force to effectuate [] detention" for the entire duration of the search, which can be several hours. Muehler v. Mena, 544 U.S. 93, 98 (2005). Where, as here, "a warrant authorizes a search for weapons," the "governmental interests in not only detaining, but using handcuffs, are at their maximum" because the legitimate law enforcement interests that may provide substantial justification for detaining an occupant include "minimizing the risk of harm to the officers." Id. at 98-100. On the face of the Complaint, Plaintiffs' hour-long detention within the apartment was thus justified by the law enforcement officers' legitimate objective of executing a valid no-knock search warrant.

The Court finds, however, that the Complaint does plausibly allege that Plaintiffs' transportation to and detainment in the precinct was an unreasonable seizure beyond the scope of the search warrant. A warrantless seizure is objectively reasonable only if legitimate law enforcement objectives outweigh the loss of liberty from the detention; they did not do so here. See, e.g., Posr v. Doherty, 944 F.2d 91, 98 (2d Cir. 1991) ("Whether an arrest supportable by probable cause occurs, as distinct from a form of Fourth Amendment intrusion supportable by

less than probable cause, depends on the seizure's level of intrusiveness, and on the corresponding degree of justification required to effect each level of intrusiveness."); Florida v. Royer, 460 U.S. 491, 500 (1983) ("[T]he scope of the detention must be carefully tailored to its underlying justification."). The Complaint plausibly alleges that Defendants, having neither judicial authorization nor probable cause to remove Plaintiffs from a private residence and drive them to a police precinct for custodial interrogation, lacked such objectives, particularly in light of allegations that the apartment search had been fruitless. This Court cannot "sustain[] against Fourth Amendment challenge the involuntary removal of a suspect from his home to a police station and his detention there for investigative purposes . . . absent probable cause or judicial authorization." Kaupp v. Texas, 538 U.S. 626, 630 (2003) (internal citations omitted); see Dunaway v. New York, 442 U.S. 200, 216 (1979) (finding that detention for custodial interrogation "intrude[d] so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest," and finding that officers "violated the Fourth and Fourteenth Amendments when, without probable cause, they seized petitioner and transported him to the police station for interrogation").

Plaintiffs also state a plausible claim that the three-hour detention in the station was excessively long compared to the one-hour search of the apartment. See Hollins v. City of New York, No. 10-CV-1650-LGS, 2014 WL 836950, at *18-19 (S.D.N.Y. Mar. 3, 2014) ("A reasonable inference from the evidence is that the detention was excessively long and exceeded the amount of time necessary to effectuate legitimate law enforcement purposes . . . . A jury could reasonably infer that the search lasted approximately two hours, but that Plaintiff was handcuffed an additional hour or more[.]").

To state a claim under Section 1983, however, a plaintiff must also attribute the constitutional violation to a person who was acting under color of state law. Plaintiffs allege Officer Nugent and the John and Jane Doe officers were acting within the scope of their employment with the City at the time of the alleged violation. Plaintiffs must also, however, allege enough well-pled factual matter to establish the personal involvement of the Defendants in the constitutional violation. Vicarious liability is inapplicable to Section 1983 suits, and a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Iqbal, 556 U.S. at 676. It is well settled within this Circuit that personal involvement is a prerequisite to award damages under Section 1983. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

For a false arrest claim to survive a motion to dismiss, each "each individual must have been personally involved in the arrest in order to be held liable." Turner v. Procopio, No. 13-CV-693, 2020 WL 2220244, at *9 (W.D.N.Y. Mar. 27, 2020); see also Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiffs fail to allege sufficient facts to establish the personal involvement of Officer Nugent or the unnamed John and Jane Doe Officers. Circuit precedent defines "personal involvement" as direct participation (having knowledge of the facts that rendered the conduct illegal) or indirect (ordering or helping others do the unlawful act). Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001). Furthermore, claims relying on "group pleading" but failing to differentiate "which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." Wilson v. County of Ulster, No. 20-CV-0104, 2022 WL 813958, at *7 (N.D.N.Y. Mar. 17, 2022) (internal citation omitted). By lumping all the Defendants together in each claim and providing no factual basis to distinguish their conduct, Plaintiffs' Complaint fails to satisfy the minimum pleading standard to state a claim. Therefore,

even with respect to their detention in the precinct, Plaintiffs do not state a claim under Section 1983 for false arrest for failure to establish Defendants' personal involvement. For the foregoing reasons, Defendants' motion to dismiss the false arrest claim is granted.

Excessive Force

A claim of excessive force rests on the Fourth Amendment right of individuals to be free from "unreasonable seizure." Excessive force claims brought under Section 1983 are "judged under the Fourth Amendment's 'objective reasonableness' standard." Terranova v. New York, 676 F.3d 305, 308 (2d Cir. 2012) (internal citation omitted). "Unreasonable actions include the use of excessive force or restraints that cause unnecessary pain or are imposed for a prolonged and unnecessary period of time." Rettele, 550 U.S. at 614. The reasonableness of an officer's particular use of force is determined by an objective inquiry "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Accordingly, an analysis of excessive force requires analyzing the facts of the particular case while maintaining a "careful balancing of governmental and private interests." Soldal v. Cook County, 506 U.S. 56, 71 (1992) (internal citation omitted).

Measured against this standard, Plaintiffs have failed to establish a claim for a constitutional violation of excessive force. First, Plaintiffs have failed to plausibly allege that the officers' use of force was unreasonable under the Fourth Amendment. "[A] police officer executing a search warrant is privileged to use reasonable force to effectuate the detention of the occupants of the place to be searched." Boyd v. City of New York, 149 A.D.3d 683, 684 (N.Y. App. Div., 2d Dep't 2017) (internal citation omitted). Plaintiffs allege that, at the time and date of the search, Defendants "rush[ed] towards the Plaintiffs;" "aim[ed] loaded firearms at the

Plaintiffs;" "push[ed] and thr[e]w the Plaintiffs to the floor;" "repeatedly touched their person without her consent;" and "handcuff[ed] the Plaintiffs." (Complaint ¶ 27(b).) These allegations are insufficient to support a plausible inference that the use of force while conducting the search was unreasonable because "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

As discussed above, Plaintiffs' allegations insufficiently plead facts supporting a plausible inference that the level of force was objectively unreasonable or that any of the Defendants were personally involved in violating a constitutional right. See, e.g., Rosado v. Goshen, No. 17-CV-0360-NSR, 2019 WL 1382975, *21 (S.D.N.Y. Mar. 27, 2019) ("[A]ny claim premised on the display of firearms, use of a flashlight, use of verbal threats, temporary detention, use of the bathroom and dressing in the presence of law enforcement officers during the execution of the search warrant fails to assert a plausible claim and must be dismissed."); Jackson v. Village of Ilion, No. 14-CV-563, 2016 WL 126392, at *6 (N.D.N.Y. Jan. 11, 2016) (finding that handcuffing is a reasonable measure when "there is a possibility that a search may turn up contraband or even weapons, [as] the U.S. Supreme Court has previously concluded that 'the use of handcuffs minimizes the risk of harm to both officers and occupants'" (quoting Mena, 544 U.S. at 100)). In the course of executing a search warrant, officers may temporarily seize bystanders or those who are not the target of the warrant but at the scene, and "though this safety risk inherent in executing a search warrant for weapons was sufficient to justify the use of handcuffs, the need to detain multiple occupants made the use of handcuffs all the more reasonable." Mena, 544 U.S. at 100.

The Court agrees with Defendants that Plaintiffs merely assert, in an overbroad and conclusory manner, that they were assaulted, battered, and subjected to excessive force. Considering the well-plead factual allegations regarding the force used in the search, and drawing all plausible inferences in Plaintiffs' favor, the Court finds that, in the specific context of this search, the allegations do not support a plausible inference that the force used was unreasonable under the Fourth Amendment. Plaintiffs also fail to make any allegations of Defendants' personal involvement in committing the alleged constitutional violation for excessive force. Defendants' motion to dismiss is granted with respect to all of Plaintiffs' Section 1983 claims of excessive force.

Failure to intervene

Plaintiffs also assert that Defendants failed to intervene or take any steps to prevent the alleged underlying constitutional violations against Plaintiffs, despite having the opportunity and responsibility to do so. (Complaint ¶¶ 56, 58.)

A Section 1983 claim may lie against an officer who was not personally involved in committing the underlying constitutional violation for their failure to intervene in preventing the harm. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). To state a failure to intervene claim, a plaintiff must allege that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). Furthermore, a plaintiff's claim will fail if they are unable to establish a constitutional violation, because a failure to intervene claim is contingent on the underlying claims.

Defendants move to dismiss the failure to intervene claim on the grounds that there were no underlying constitutional violations. (Def. Mem. at 10.) The Court has reviewed

carefully and agrees with Defendants that Plaintiffs' failure to intervene claim fails as a matter of law.  Plaintiffs did not plausibly allege a plausible constitutional violation premised on excessive force or false arrest at the Target Apartment.  To the extent that Plaintiffs have plausibly alleged a constitutional violation premised on false arrest at the precinct, Plaintiffs have not identified any individual officer who had the opportunity to intervene and failed to do so.  For these reasons, Defendants' motion is granted with respect to Plaintiffs' failure to intervene claims.

The City of New York

Plaintiffs assert various claims against the City.  Plaintiffs allege that Defendants were charged "with the duty to perform their job functions in a reasonably safe manner" and "[t]he Defendants as aforesaid, did not perform their job duties in a reasonable safe manner." (Complaint ¶¶ 50, 52.)  Therefore, "Defendant 'CITY' their agent's servant and/or employees set forth above, were negligent, careless and reckless in the performance of their job duties." (Id. ¶ 52.)  These allegations seek to hold the City liable for the actions of its employees, and do not identify any allegation of wrongful conduct on the part of the City itself.

The City argues that it cannot be held liable for any of Officer Nugent's or the Jane/John Doe officers' actions because a municipality may not be held liable under Section 1983 on the basis of respondeat superior.  (Def. Mem. at 13.)  The Court agrees.  Respondeat superior or vicarious liability does not attach to a municipality for its employees' actions; rather, the plaintiff must show that the municipality was the cause of the constitutional violation.  Connick v. Thompson, 563 U.S. 51, 60 (2011); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Because the Complaint does not do so, and only conclusorily alleges wrongful conduct on the part of Officer Nugent and the 28th Precinct officers, it fails to state a claim against the City upon which relief can be granted.

To establish municipal liability under section 1983, a plaintiff must show "that the municipality itself caused or is implicated in the constitutional violation," Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 125 (2d Cir. 2004), and that an action "pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691. To establish causation the plaintiff must first prove the existence of a municipal policy or custom, show that the municipality took some action that caused a plaintiff's injuries beyond merely employing the misbehaving officer, and demonstrate that there was a causal connection (an "affirmative link") between the policy and the deprivation of the plaintiff's constitutional rights. Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (plurality opinion) (Brennan, J., concurring).

To survive a motion to dismiss, Plaintiffs must "allege facts tending to support, at least circumstantially, an inference that [] a municipal policy or customs exists," and cannot simply assert the existence of such a policy or custom. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). A plaintiff may allege the existence of a municipal policy or custom in several ways. First, a plaintiff may identify a formal policy "adopted and promulgated" by the municipality. Monell, 436 U.S. at 690. A plaintiff may also show that "an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of [p]laintiff's constitutional rights." Gym Door Repairs, Inc. v. N.Y.C. Dep't of Educ., No. 12-CV-7387-RWS, 2015 WL 3883243, at *2 (S.D.N.Y. June 23, 2015) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986)), or that there is a practice by subordinate officials "so permanent and well settled as to constitute a 'custom or usage,'" of which a supervising policy-maker must have been aware. Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 870-71 (2d Cir. 1992). Finally, a plaintiff may show a "'failure to train [that] amounts to deliberate indifference

to the rights' of those whom municipal employees will come in contact." Walker v. City of New York, 974 F.2d. 293, 297 (2d Cir. 1992) (citation omitted).

The Complaint alleges only that the City "instructed and educated their agents, servants and employees including how to perform their job functions" and that Defendants did not "perform their job duties in a reasonable safe manner." (Complaint ¶¶ 51-52.) Plaintiffs have not alleged any facts suggesting that the harm they allegedly suffered was the direct result of a City policy, practice, or custom and thus fail to state claim under Section 1983. Therefore, Plaintiffs have failed to plead sufficient facts to support a plausible inference that the City promulgated a municipal policy that caused their alleged injuries. The Court therefore dismisses Plaintiffs' Section 1983 claims against the City.

John and Jane Does

Plaintiffs also assert Fourth and Fourteenth Amendment violation claims against the unknown John and Jane Doe 28th Precinct officers who were present at the time and date of the alleged violations. The Complaint proffers no allegations that any specific John and Jane Doe Officers were the individuals responsible for the alleged constitutional violations. Without factual allegations as to which of the unnamed officers were responsible for the alleged constitutional violations, Plaintiff has failed to plead a plausible Section 1983 claim against any of the John or Jane Does. Therefore, the claims against the John and Jane Does are dismissed.

The Court Declines to Exercise Supplemental Jurisdiction

Under 28 U.S.C. section 1367(a), a court may exercise supplemental jurisdiction of state law claims arising from the "same case or controversy" as the federal claims of which the court has original jurisdiction. Federal courts have discretion to decline supplemental jurisdiction under section 1367(c) when all claims over which the court has original jurisdiction

have been dismissed.  28 U.S.C. § 1367(c).  Having dismissed as insufficient Plaintiffs' federal Section 1983 claims, the Court declines to exercise supplemental jurisdiction of Plaintiffs' state and local law claims, because exercising jurisdiction would not promote "economy, convenience, fairness, and comity."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Motion to Amend

Plaintiffs have moved, in the alternative, for leave to file an Amended Complaint (MTA) and have proffered a proposed Amended Complaint in connection with that motion (docket entry no. 38-1 (the "Proposed Amended Complaint" or "PAC")).  Defendants have opposed allowance of the amendment, arguing that it would be futile because the proposed amended complaint also fails to state viable federal claims.  (Docket entry no. 33 ("Def. Opp. Ltr.") at 7.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires.  See Fed. R. Civ. P. 15(a).  Under the discretion of the district court, leave to amend generally will be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182. (1962).  "An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion" such as a Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Oppedisano v. Zur, No. 20-CV-5395-VB, 2022 WL 4134436, at *2 (S.D.N.Y. Sept. 12, 2022) (citing Bandler v. Town of Woodstock, 832 F. App'x 733, 735-36 (2d Cir. 2020)).  As explained above, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S.

at 570.  If the proposed amended complaint would be subject to dismissal under Rule 12(b)(6), the Court should refuse to grant leave.  Bank of New York v. Sasson, 786 F. Supp. 349, 352 (S.D.N.Y. 1992).

For the reasons discussed above, the Court finds that none of Plaintiffs' federal claims, as pleaded in the Complaint, are viable.  The only new allegation proffered in the proposed Amended Complaint is that Defendants owed Plaintiffs a "special duty" when executing a no-knock search warrant, as recently clarified under Ferreira v. City of Binghamton, 38 N.Y.3d 298 (2022).  The amendment, which recites a principle of law, is arguably relevant to an element of Plaintiffs' state law claims against the City.  It does not, however, address the factual deficiencies identified above, and thus the proposed Amended Complaint fails to state any federal claims upon which relief may be granted.  The Court therefore denies Plaintiff's motion to amend as futile.

Leave to File a Renewed Motion to Amend

Although the Court denies Plaintiffs' current motion to amend for futility, there is a particularly strong preference for allowing further amendment where "the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading."  Allianz Glob. Invs. GmbH v. Bank of Am. Corp., 473 F. Supp. 3d 361, 365 (S.D.N.Y. 2020); see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").  Because the Court has now clarified the deficiencies in Plaintiffs' false arrest, excessive force, failure to intervene, and Monell claims, Plaintiffs are granted leave to make a new motion to amend the Complaint to allege additional facts demonstrating how Defendants violated their rights under 42 U.S.C.

§ 1983 on April 2, 2021.  Plaintiffs' amended complaint should tell the Court: who violated their federally protected rights and how; when and where such violations occurred; and why Plaintiffs are entitled to relief.  Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs wants to include from the original complaint must be repeated in the amended complaint.

If Plaintiffs do not know the name of a defendant, they may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.  The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action, and Plaintiffs shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending their complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiffs seek to add a new claim or party after the statute of limitations period has expired, they must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiffs fail to file a motion for leave to amend **within 30 days of the entry of this Memorandum Opinion and Order** on the case docket, Plaintiffs' Section 1983 claims will be dismissed with prejudice and without further advance notice.

Plaintiffs' state law false arrest, battery, assault, and negligence claims are dismissed without prejudice to litigation in a forum of competent jurisdiction.  To the extent Plaintiffs contend that their new proposed amended complaint states viable federal claims or that there is an independent basis for the Court's exercise of jurisdiction of their state law claims, Plaintiffs may include state law claims and facts supporting those claims, and the court's exercise of jurisdiction with respect to them, in the proposed amended complaint.

CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Complaint is granted, and Plaintiffs' Complaint is dismissed in its entirety. As set forth in the preceding section, Plaintiffs are granted leave to file a motion **within thirty days of this Memorandum Opinion and Order** to amend their Section 1983 and state law claims against the City, Officer Nugent, and the John and Jane Doe 28th Precinct officers.

This Memorandum Opinion and Order resolves docket entries no. 26 and 30.

SO ORDERED.

Dated: New York, New York

July 2, 2025

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge